# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Ware,<br><br>    Petitioner,<br><br>vs.<br><br>Laurie Leider, et al.,<br><br>    Respondents. | No. CV 05-0649-PHX-MHM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Kevin Ware has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). On January 14, 2002, Petitioner pleaded guilty in Maricopa County Superior Court to one count of possession of marijuana for sale and one count of endangerment. Doc. #9, Exh. B. On February 11, 2002, the court sentenced Petitioner to concurrent prison terms of 4.5 years for the possession of marijuana for sale offense and 1.5 years for the endangerment offense.[1] Id. at Exh. C. On April 21, 2003, Petitioner, through appointed counsel, filed a Petition for Post-Conviction Relief in which he claimed that the

---

[1] At the same sentencing hearing, the court sentenced Petitioner to prison terms in two other cases. The court imposed 2.5 years in one case and 1 year in the other. The court ordered those prison terms to run concurrently with each other and with the terms imposed for the marijuana and endangerment offenses. Doc. #9, Exh. E.

factual basis for his guilty plea was insufficient. Id. at Exh. E.  On September 11, 2003, the trial court dismissed the petition. Id. at Exh. F.  Petitioner then filed a Petition for Review in the Arizona Court of Appeals which was denied on November 24, 2004. Id. at Exh. G, H.  Petitioner did not seek review in the Arizona Supreme Court. Doc. #1 at 2.

On February 28, 2005, Petitioner filed his habeas petition in this court.  He alleges in his only ground for relief that the factual basis to support his guilty plea to possession of marijuana for sale was insufficient, in violation of the Due Process Clause of the Fourteenth Amendment.  Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #9) on July 21, 2005.  Petitioner has not filed a traverse or a reply.

## DISCUSSION

Respondents contend in their answer that Petitioner has procedurally defaulted on his claim by failing to exhaust his state court remedies.  They first argue that Petitioner's failure to seek review of his state post-conviction petition in the Arizona Supreme Court constitutes a failure to exhaust state court remedies.  Alternatively, Respondents argue that Petitioner failed to present his claim in the state court as a federal constitutional claim.  They further argue that because Petitioner has not demonstrated cause and prejudice, or a fundamental miscarriage of justice, the claim is barred from federal review.

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Moreover, a claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't

- 2 -

of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court is barred from considering these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**A.     Failure to File Petition for Review in Arizona Supreme Court**

Respondents contend that Petitioner was required to seek review of the denial of his petition for post-conviction relief in the Arizona Supreme Court. Respondents argue at

1  length that Swoopes, supra, was wrongly decided by the Ninth Circuit.  They further contend
2  that Swoopes was overruled by Baldwin v. Reese, 124 S. Ct. 1347 (2004).  They claim that
3  under Baldwin, a prisoner has not exhausted state court remedies until he presents his claims
4  to a state supreme court, even if review in that court is discretionary, as it is in Arizona.

5        This court has repeatedly rejected Respondents' arguments regarding the viability of
6  Swoopes and will do so again.  First, with respect to Respondents' argument that the Ninth
7  Circuit's reasoning and conclusion in Swoopes were flawed, this court has no authority to
8  overturn or find invalid a Ninth Circuit Court of Appeals decision.  Second, the Ninth Circuit
9  apparently does not agree with Respondents' contention that Baldwin overruled Swoopes.
10  In a case decided after Baldwin, the Ninth Circuit restated the rule established in Swoopes
11  that "'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the
12  Arizona Court of Appeals has ruled on them.'" Castillo v. McFadden, 399 F.3d 993, 998 n.3
13  (9th Cir. 2005) (quoting Swoopes).  That same case cited Baldwin for a different proposition,
14  thus demonstrating that the Court was familiar with Baldwin.  For these reasons, the court
15  finds Respondents' first argument to be without merit.

16  **B.**     **Failure to Raise as Federal Claim**

17        Alternatively, Respondents contend that Petitioner failed to exhaust his state court
18  remedies by failing to fairly present his federal claim in state court.  A review of Petitioner's
19  state petition for post conviction relief and the subsequent petition for review establishes that
20  Petitioner did not raise a federal due process claim in his state court petitions.  Petitioner
21  raised one claim in his state petition: that the factual basis relied on by the court to support
22  Petitioner's guilty plea was insufficient.  Doc. #9, Exh. E at 3.  To support his argument,
23  Petitioner referred to state court cases establishing the requirement to obtain a sufficient
24  factual basis for each element of the offense to which a defendant is pleading and identifying
25  the elements of possession of marijuana for sale.  Id.  However, nowhere in the petition does
26  Petitioner assert a violation of any federal constitutional rights.  Despite the similarity of the
27  claim urged in the state petition and the habeas petition, Petitioner was required to alert the
28  state court to the fact that he wanted to raise a federal constitutional claim.  By failing to do

1  so, Petitioner failed to provide the state court with a full opportunity to address the federal
2  constitutional claim. See Coleman, 501 U.S. at 731 ("This exhaustion requirement is also
3  grounded in principles of comity; in a federal system, the States should have the first
4  opportunity to address and correct alleged violations of state prisoner's federal rights.").

5  Because Petitioner failed to "fairly present" his federal claim to the state court, he has
6  not exhausted his state court remedies. Moreover, Petitioner would no longer have a remedy
7  if he returned to the state court.[2] As a result, his claims are procedurally defaulted. Petitioner
8  has offered nothing to show cause and prejudice for his failure to seek review of his federal
9  claim in state court, nor has he argued or otherwise demonstrated a miscarriage of justice.
10 Accordingly, the court will recommend that the petition be denied.

11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 **///**
24 **///**
25 **///**

---

[2] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1  **IT IS THEREFORE RECOMMENDED:**

2  That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)
3  be **DENIED** and **DISMISSED WITH PREJUDICE**;

4  This recommendation is not an order that is immediately appealable to the Ninth
5  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
6  Appellate Procedure, should not be filed until entry of the district court's judgment.  The
7  parties shall have ten days from the date of service of a copy of this recommendation within
8  which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
9  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
10 response to the objections.  Failure to timely file objections to the Magistrate Judge's Report
11 and Recommendation may result in the acceptance of the Report and Recommendation by
12 the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
13 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
14 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
15 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
16 recommendation.  See Fed. R. Civ. P. 72.

17 DATED this 9th day of March, 2006.

Edward C. Voss
United States Magistrate Judge